UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FERRARA FIRE APPARATUS, INC.** | **CIVIL ACTION** |
| **VERSUS** | |
| **JLG INDUSTRIES, INC. AND GRADALL INDUSTRIES, INC.** | **NO. 08-285-C-M2** |

## RULING & ORDER

This matter is before the Court on the Motion for Order Compelling Discovery (R. Doc. 18) filed by plaintiff, Ferrara Fire Apparatus, Inc. ("FFA").[1] Defendants, JLG Industries, Inc. ("JLG") and Gradall Industries ("Gradall") (collectively "defendants"), have not filed an opposition to FFA's motion.

## FACTS & PROCEDURAL BACKGROUND

FFA filed this suit in the 21st Judicial District Court, Parish of Livingston, State of Louisiana, on April 7, 2008. In the petition, FFA alleges that it entered into a partnership or joint venture agreement with JLG (and Gradall, since it is the legal successor of JLG) that granted FFA the exclusive right to distribute and sell a product currently designated as "Strongarm" worldwide in exchange for FFA's development and marketing of the "Strongarm" product.[2] According to FFA's allegations in the petition, FFA and JLG/Gradall

---

[1] FFA also included in its present motion a request that the discovery deadline in this matter be extended and that new deadlines be set after rulings have been issued on its motion to compel and its motion to disqualify counsel. That request for an extension was granted by Order dated February 5, 2009 (R. Doc. 19) and therefore will not be addressed herein.

[2] According to FFA's present motion, the "Strongarm" product is a firefighting apparatus or system developed by FFA to incorporate a Fifth Man nozzle (patented by a third party) with a modified Gradall aerial boom (the FA-50), and FFA took an active role

1

operated continuously under the general terms of that partnership/joint venture agreement until February 8, 2008, when Gradall purported to terminate the relationship.  FFA contends that the alleged basis for the termination was terms and conditions that were never made a part of the partnership/joint venture agreement.

FFA believes that Gradall had already begun offering the "Strongarm" product for sale through other distributors/sellers prior to termination of the agreement.  It further asserts that Gradall has already entered into sales or distributorship agreements with third parties to sell the product under another name and/or as "the product formally known as Strongarm."  FFA contends that any sales through a third party constitute a breach of the exclusive sales agreement between FFA and Gradall/JLG and that it is therefore entitled to damages.

In connection with this suit, FFA propounded a set of requests for production of documents to defendants.  Defendants responded to those discovery requests on or about August 14, 2008.  In those responses, defendants objected to various requests (Request Nos. 1, 2, 3, 9, 11, 12, and 13) on the ground that they requested documents concerning the marketing or sale of a product similar to the "Strongarm" product that was sold under a different name by third parties.  On December 15, 2008, FFA and Gradall executed a mutual confidentiality agreement relating to this litigation.  On December 23, 2008, FFA issued a revised set of requests for production to Gradall in an effort at addressing

---

in re-engineering the Gradall boom.  FFA contends that the boom and nozzle were then incorporated into a specially engineered FFA fire truck chassis and were sold as a system.  FFA asserts that it spent a significant amount of money and man hours developing the "Strongarm" system as a firefighting product and in marketing it worldwide.

defendants' overbreadth objections. FFA received defendants' responses to the amended requests for production on January 21, 2009. In response to those amended requests, defendants did not provide any documents or tangible things; instead, they responded to the requests as follows:

> Objection. The documents requested will in no way lead to the discovery of admissible evidence, nor will they in any way, lead to the legal resolution of this matter. Additionally, any document relating to other entities or products other than the Strong Arm device (incorporating the Fifth Man Nozzle on the Gradall FA-50) are protected and/or privileged.

*See*, Defendants' Responses to FFA's Amended Requests for Production. FFA has now filed this motion, seeking complete responses to its amended requests for production and an award of the reasonable attorney's fees and costs that it incurred in bringing this motion.

## LAW & ANALYSIS

**I.   Defendants' failure to file an opposition:**

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty (20) days after service of the motion. The rule specifically provides:

> LR7.5M   Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion was filed on February 4, 2009, and the Court's electronic filing system indicates that notice of the filing of such motion was served upon defense counsel electronically on that same date at 3:58 p.m. CST. More than twenty (20) days have elapsed since the service of the motion, and the defendants have failed to file any opposition. The motion is therefore deemed to be unopposed. In addition to being unopposed, the Court finds that the motion has merit for the reasons discussed in the following section of this Ruling.

**II.  Analysis:**

The Court has reviewed the thirteen amended requests for production propounded by FFA to the defendants and finds that the requested documents are relevant to FFA's claims in this litigation that the defendants breached the exclusive partnership/joint venture agreement with FFA by offering for sale or selling the "Strong Arm" product, or a similar product under a different name through third parties. As such, the requested information is discoverable. Furthermore, the Court agrees with FFA that the Confidentiality Agreement executed by the parties on December 15, 2008 protects the confidentiality of those documents that JLG/Gradall contends are privileged or protected. Accordingly, JLG/Gradall's objection on that basis is without merit.

Additionally, even if the confidentiality agreement had not been in place at the time JLG/Gradall propounded its responses to FFA's amended requests for production, JLG/Gradall's responses would nevertheless be deficient because, if an objection is asserted on the basis of privilege or protection, that claim must be expressly made as to each document that is allegedly protected, and the nature of the documents must be described (in a privilege log) in a manner that, without revealing the information itself

privileged or protected, will enable the other parties to assess the claim of privilege or protection.  Fed. R. Civ. P. 26(b)(5).  Defendants failed to even produce a privilege log describing the allegedly privileged documents in response to FFA's amended requests.  As a result, FFA's motion to compel will be granted, and defendants will be required to provide complete responses to FFA's Amended Requests for Production within twenty (20) days of this Ruling.  Finally, FFA will be awarded the reasonable attorney's fees and costs that it incurred in bringing the present motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).[3]

Accordingly;

**IT IS ORDERED** that the Motion for Order Compelling Discovery (R. Doc. 18) filed by plaintiff, Ferrara Fire Apparatus, Inc., is hereby **GRANTED** and that defendants, JLG Industries, Inc. and Gradall Industries, Inc., shall produce complete responses to plaintiff's Amended Requests for Production within twenty (20) days of this Order.

**IT IS FURTHER ORDERED** that plaintiff is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this motion and that, in connection with that award, the parties are to do the following:

---

[3] Rule 37(a)(5)(A) provides that, if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).  Based upon FFA's Rule 37 Certificate, it appears that FFA's counsel made a good faith effort to obtain the documents requested without court intervention.  Furthermore, since defendants have not filed an opposition to this motion, they have not provided the Court with any "substantial justification" for their failure to respond to the requests at issue nor have they set forth any circumstances that would render an award of expenses related to this motion unjust.

(1)	If the parties agree to the amount of attorney's fees and costs, defendants shall pay that amount;

(2)	If the parties do not agree to the amount, plaintiff shall, within twenty (20) days of the date this Order is signed, submit to the Court a report setting forth the amount of costs and attorney's fees incurred in obtaining this Order; and

(3)	Defendants shall have ten (10) days after the filing of the plaintiff's report to file an opposition.

Signed in chambers in Baton Rouge, Louisiana,  March 9, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**